SHORTESS, Judge.
Alfred Flowers (plaintiff) appeals a disciplinary action of the Louisiana State Penitentiary at Angola. Plaintiff was cited for aggravated disobedience for allegedly refusing to give a styrofoam cup to a guard, Sgt. Norman Johnson, when ordered to do so. He pleaded not guilty and, after a hearing by the Disciplinary Board, was sentenced to five days in isolation, suspended, and referred to the appropriate official for a possible tier change.[1] Plaintiff appealed to the Secretary of the Department of Public Safety and Corrections, C. Paul Phelps (Phelps). Phelps contacted Johnson ex parte and then affirmed the decision of the Disciplinary Board.
Plaintiff appealed to the district court, contending he was denied due process of law because he was not permitted to call witnesses on his behalf at the Disciplinary Board hearing and because of Phelps’ ex parte communication with Johnson. The trial court adopted the recommendation of the commissioner, who found:
[I]t appears that the informality of the disciplinary and appeal proceedings will permit the Secretary to open the record for any other information that he would desire. While the Secretary’s method of opening this disciplinary record may not follow the strictest of form of evidentia-ry hearings, a disciplinary hearing and appeal process are not bound by the narrowest of forms. The Secretary, having chosen to seek further information, has included it in his decision. This Court, I believe, is bound to review the Secretary’s decision based on the information available to the Secretary, providing reasonable procedures have been followed. I find nothing in this record to suggest that the procedures are sufficiently unreasonable to warrant a recommendation to reverse or remand the Secretary’s decision, (emphasis added)
Plaintiff appeals the decision of the trial court.
The Department of Public Safety and Corrections (defendant) had promulgated rules for the handling of prisoners’ disciplinary appeals entitled Disciplinary Rules and Procedures for Adult Prisoners. Our review of the record and these rules shows defendant failed to follow its own “reasonable procedures” in this case, thus denying plaintiff the rights guaranteed by these rules.
The record shows this case was originally heard by the Disciplinary Board (the prison’s “High Court”).[2] A prisoner has certain rights when appearing before the Disciplinary Board, including the right to present evidence and witnesses on his behalf and to cross-examine his accuser.[3] He also has the right to appeal to the Secretary if certain enumerated serious penalties are imposed.[4] These rights must be followed unless waived by the accused. The rules also provide certain procedural requirements for hearings by the Disciplinary Board, including a requirement that all hearings be taped in their entirety and preserved for possible court review.[5]
The Disciplinary Board failed to follow these procedural rules. It failed to preserve the tapes of plaintiff’s hearing, thus preventing us from confirming plaintiff’s contention that he was not allowed to call witnesses on his behalf and to cross-examine his accuser. Moreover, plaintiff *670 clearly was not allowed to cross-examine Johnson when his “testimony” was taken ex parte by Phelps. The rules do not contemplate the taking of any additional “evidence” by the Secretary if the prisoner appeals; a “hearing” is defined in the rules as “a fair and impartial review conducted by the Disciplinary Officer or the Disciplinary Board.”[6]
For these reasons, we find the record clearly shows plaintiff did not receive the procedural guarantees to which he was entitled under defendant’s own rules. We thus reverse and remand to the Disciplinary Board for a hearing at which plaintiff is to be allowed to call witnesses on his behalf and to cross-examine Johnson, in accordance with defendant’s rules and procedures. Costs of this appeal of $310.14 are taxed to defendant.
REVERSED AND REMANDED.

. The Disciplinary Board was composed of a chairman and a member, J. Butler. The decision was unanimous, as required by defendant’s rules. See Disciplinary Rules and Procedures for Adult Prisoners (1986) [hereinafter Rules ] at 4.

. A sentence of isolation may be imposed only by the Disciplinary Board. See Rules at 8.

.See Rules at 5.

. A sentence of isolation, imposed or suspended, implicitly is considered a serious penalty by defendant as it is listed as a penalty from which an appeal to the Secretary will lie. See Rules at 11.

. See Rules at 6.

. See Rules at 1.