691 So.2d 189 (1997)
Raymond ROCHON
v.
John WHITLEY, et al.
No. 96 CA 0835.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
*190 Raymond Rochon, Angola, Plaintiff-Appellant in Proper Person.
David G. Sanders, Office of Attorney General, Baton Rouge, for Defendants-Appellees John Whitley, et al.
Before CARTER, LeBLANC and PARRO, JJ.
PARRO, Judge.
This appeal is brought by Raymond Rochon ("Rochon"), an inmate at the Louisiana State Penitentiary, from a judgment dismissing with prejudice his suit for judicial review of an adverse decision of the Department of Public Safety and Corrections ("DPSC") on a disciplinary report. We affirm.

FACTS AND PROCEDURAL HISTORY
On January 31, 1994, Sgt. Ronald Hulbert ("Sgt.Hulbert") wrote disciplinary reports against Rochon and his cell mate, Ralph Joseph ("Joseph"). The reports alleged that in searching their cell, Sgt. Hulbert found a knife, a violation of the disciplinary rule prohibiting contraband. When the two inmates had their first hearings before the disciplinary board on February 2, 1994, an investigation was ordered to clarify the exact location of the knife and to produce it for evidence. The investigating officer produced the knife and reported it was found in a crack at the top of the ceiling inside the cell of the two inmates. Both inmates then had hearings before the disciplinary board on February 9, 1994. Joseph's case was heard first; he pled guilty and testified the knife was his and Rochon was unaware of its existence or presence in the cell. Joseph was found guilty and sentenced to extended lockdown in Camp J.
When Rochon's case was called, his inmate counsel moved for dismissal of the charge against him because Joseph's testimony had admitted ownership and exonerated Rochon and further, other than the presence of the knife in his cell, there was no evidence implicating Rochon. The motion was denied and Rochon was also found guilty and sentenced to extended lockdown in Camp J. The written reasons for denial of his motion to dismiss state:
Both inmates had access to the weapon and both inmates plead [sic] not guilty at first hearing. Per rule book "Contraband found in a cell shared by two or more inmates will be presumed to belong to all of them equally."
The reasons for disposition of the case refer to the same provision of the rule book.[1]
Rochon appealed his conviction and sentence to the warden. He contended the disciplinary *191 board erred in finding him guilty when the evidence was insufficient, given the testimony of Joseph that the knife was his and that Rochon knew nothing about it. He argued that the board misinterpreted the language of the rule and claimed the contraband should be presumed to be owned by both cell mates only if there were no evidence to show otherwise, but in this case the presumption of equal ownership had been rebutted by Joseph's admission. The warden's ruling on the appeal denied him relief and upheld the decision of the disciplinary board. Rochon acknowledged his receipt of that decision on March 31,1994, and filed his petition for judicial review with the Nineteenth Judicial District Court on April 21, 1994.[2]
His petition for judicial review named as defendants John Whitley, C. Tillery, Sgt. Hulbert, Richard Stalder and an unnamed classification officer.[3] In the petition, Rochon reiterated his argument concerning the misuse of the presumption of equal ownership and the insufficiency of the evidence against him. He also alleged the disciplinary board was not properly constituted because it consisted of only two persons, rather than the three required by the disciplinary rules. Finally, he contended the presumption of equal ownership in the rule concerning contraband was unconstitutional per se or as applied to him in this case.
On or about the same time as he filed his petition for judicial review in the state district court, Rochon also filed a suit against the same defendants in the United States District Court for the Middle District of Louisiana ("the federal court suit").[4] The contentions of civil rights violations in the federal court suit were based on the same set of factual circumstances as were the basis for the state court petition for judicial review, namely the disciplinary report of January 31, 1994, and the resulting conviction and sentence. In the federal court suit, Rochon also made the same allegations: the presumption of equal ownership was rebutted, he was convicted without sufficient evidence, the board was improperly constituted, and the disciplinary rule's presumption was unconstitutional in and of itself and/or as it was applied.
Based on the pendency of the duplicative federal court suit, the defendants in this case moved for a continuance of the hearing until a ruling was obtained from the federal court. The motion was granted, and the hearing was held in August 1995, after the federal court judgment was rendered. Following the presentation of evidence at that hearing and before the commissioner's recommendations were written, the defendants filed a peremptory exception of res judicata. The exception was based on the preclusive res judicata effect of the federal court judgment of May 30,1995. Rochon opposed the exception on the grounds that it was untimely because it was filed after submission of the case to the court for decision, or alternatively, because the causes of action in the two cases were not the same and because the issue of unconstitutionality was not addressed by the federal court in its judgment.
Following a hearing on the exception, at which additional evidence was submitted by Rochon, the commissioner cited Reeder v. Succession of Palmer, 623 So.2d 1268 (La. 1993), and recommended to the district court that it sustain the exception of res judicata. However, in the event the court did not accept this recommendation, the commissioner also recommended dismissal of the case on the merits because under the parameters of review set forth in LSA-R.S. 49:964(G), there were no grounds for reversal, remand, or *192 modification of the decision of the disciplinary board. The district court accepted the commissioner's recommendation and dismissed Rochon's case with prejudice at his costs. Rochon appealed to this court, asserting the same arguments presented in his petition for judicial review, plus the arguments which he made in opposition to the exception of res judicata.

APPLICABLE LAW

Judicial Review of Agency Decision
LSA-R.S. 15:1171-1177 provide the statutory authority for the administrative review procedure established and followed by the penal institution in this case. This procedure is designed to receive, hear, and dispose of "any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof ..." and includes appeals of disciplinary actions. LSA-R.S. 15:1171(B). Judicial review of an adverse decision is available pursuant to LSA-R.S. 15:1177, which specifies the manner of review shall be as provided by LSA-R.S. 49:964.
LSA-R.S. 49:964(F) states the judicial review shall be confined to the record, as developed by the administrative proceedings. The court may reverse or modify the agency decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) manifestly erroneous. LSA-R.S. 49:964(G); Pacificorp Capital, Inc. v. State Through Div. Of Admin., 92-1729, p. 4-5 (La.App. 1st Cir. 8/11/94), 647 So.2d 1122, 1125, writ denied, 94-2315 (La.11/18/94), 646 So.2d 387.

Standard of Review
The manifest error test is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test is used in reviewing the administrative tribunal's conclusions and its exercise of discretion. Save Ourselves, Inc. v. La. Environmental Control Commission, 452 So.2d 1152,1159 (La.1984).

Res Judicata
When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, the federal law of res judicata must be applied. Reeder, 623 So.2d at 1271. Under the federal law of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial, to avoid multiple suits on identical entitlements or obligations between the same parties. Id. Thus claim preclusion applies to bar a subsequent action on res judicata principles where parties have previously litigated the same claim to a valid final judgment. Id. If the claim in the second action arises out of the same transaction or occurrence, and has a common nucleus of operative facts as the claim asserted in the first action, it will be considered identical to the claim on which the parties have previously proceeded to judgment. Id. at 1271-72. Therefore, if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had "pendent" jurisdiction to hear the state cause of action, the federal court's judgment in the action is res judicata, and prevents the plaintiff from subsequently asserting a state claim based on those same facts in a state court action. Id. at 1272-73.

ANALYSIS
The record in this case includes a copy of the petition filed in federal court, the conclusions and recommendations of the federal magistrate who heard the case,[5] and the opinion and judgment of the federal court judge. Having compared the federal court *193 petition to the petition for judicial review filed in state court, we conclude that the state law claims in this case arise from the same set of facts and the same transaction as the federal civil rights claims which the parties litigated to a final judgment in the federal court suit.
The magistrate in the federal court suit recommended dismissal of Rochon's case because his petition did not state a claim upon which relief could be granted. Since his petition and motion for summary judgment had presented all of the relevant facts, the court found an amended complaint would merely restate those facts and would still fail to assert a constitutional violation. The magistrate also recommended dismissal of the case because Rochon was not entitled to summary judgment as a matter of fact and law. The federal court judge agreed, and rendered judgment dismissing Rochon's federal court suit with prejudice.
We agree with defendants and the commissioner in this case that Reeder is dispositive and under its guidelines, Rochon's claims were properly dismissed on the basis of res judicata. The magistrate in the federal court suit specifically addressed most of Rochon's arguments and found his constitutional rights had not been violated. With regard to his claim that he was convicted without evidence on the basis of a presumption which had been totally rebutted, the magistrate noted,
The knife was in a location where both inmates had access to it. The board is not required to accept at face value the plaintiff's testimony that he had no knowledge of the knife nor his cell mate's corroborating testimony. These are matters of credibility which are clearly left to the board to resolve. Plaintiff did not convince the board that he had no knowledge of the knife.
Concerning the make-up of the disciplinary board that heard Rochon's case, the magistrate pointed out that although a consent decree from the federal court required three members, the violation of that remedial order was not a per se violation of Rochon's rights to due process.[6]
The only issue not directly addressed by the magistrate in his report in the federal court suit was the question of whether the presumption found in Rule 1 of the disciplinary rules was unconstitutional per se or as applied to Rochon in this case. Rochon argues because the magistrate did not directly address this issue, res judicata cannot preclude his claims for judicial review in state court. The commissioner herein agreed that the record in the federal court suit
does not reflect that the Federal court undertook to rule on the constitutionality of the "contraband" regulation of the Department of Corrections.... Although Mr. Rochon specifically alleges in his petition that the "contraband" regulation is unconstitutional and the Magistrate's report did not specifically address that question, I am convinced that the Magistrate's report, going beyond the issue of constitutionality in reaching the factual and legal issues of the "contraband" report, creates a clear rejection of Mr. Rochon's argument.
We agree. By addressing the application of the "contraband" regulation to Rochon in this case, the magistrate implicitly found there was no merit in Rochon's claim that the rule, and the presumption of equal ownership in it, were unconstitutional per se or as applied to him. Accordingly, the commissioner did not err in recommending dismissal of his case on the grounds of res judicata.
Furthermore, the Reeder case would preclude re-litigation in state court of any issues arising out of the same set of facts which gave rise to the federal court suit. This "claim preclusion" would apply even to claims not raised in the federal court suit, and therefore certainly applies to claims which were raised there, even if dealt with only indirectly in the federal court's judgment.
We also agree that the peremptory exception of res judicata was timely. LSA-C.C.P. art. 928(B) states, "The peremptory exception may be pleaded at any stage of the *194 proceeding in the trial court prior to a submission of the case for a decision...." As the commissioner pointed out, the case had not yet been submitted to the trial court when the defendants filed their exception of res judicata. Although a hearing had been held, the commissioner's recommendations to the district court had not yet been written and Rochon was allowed to introduce additional evidence at the hearing on the exception. Following that hearing, additional time was given to all the parties to respond to the evidence presented there. Clearly, the case had not yet been submitted to the trial court for decision when the peremptory exception was filed, and its filing was therefore timely.

CONCLUSION
Based on the foregoing, we affirm the dismissal of Rochon's claims, with prejudice.
AFFIRMED.
NOTES
[1] The DPSC has promulgated and adopted "Disciplinary Rules and Procedures for Adult Prisoners" ("disciplinary rules"), which govern all prisoner grievances in the state penal institutions. Rule 1 discusses the offense of "Contraband," and prohibits any prisoner from having "under his immediate control" any of the listed substances or items. Any weapon, including a knife, is prohibited. The rule further states that [t]he area of immediate control is a prisoner's person, his locker(s), his cell, his room, his bed, his laundry bag, and his assigned job equipment ... unless the evidence clearly indicated that it belonged to another prisoner. Contraband found in a cell shared by two or more inmates will be presumed to belong to all of them equally.
[2] Because it is an inmate suit, this case was assigned to a commissioner to conduct all proceedings and make a recommendation to the appropriate district court judge. This is a procedure followed in the Nineteenth Judicial District Court to handle the large volume of lawsuits filed by inmates for judicial review of DPSC decisions. See LSA-R.S. 13:713.
[3] John Whitley was the warden of the penitentiary, Major C. Tillery and an unnamed classification officer were the officers who sat on the disciplinary board which heard Rochon's case, Sgt. Hulbert was the officer who wrote the disciplinary report, and Richard Stalder was Secretary of DPSC.
[4] This suit was styled "Raymond Rochon v. John Whitley, et al., Number 94-445-B-M1" on the docket of the United States District Court for the Middle District of Louisiana.
[5] The procedure followed for inmate suits in the Middle District of Louisiana is similar to that used in the Nineteenth Judicial District Court. Cases are assigned to a federal magistrate for hearing. The magistrate then prepares a report for the federal judge to review before rendering a decision.
[6] Also, as the commissioner noted in this case, disciplinary rules allow a two-person board to decide the case if the decision is unanimous. See Flowers v. Phelps, 595 So.2d 668, 669, n. 1 (La. App. 1st Cir.1991). The decision of the disciplinary board in this case was unanimous.