991 So.2d 1116 (2008)
Calvin WALKER
v.
Richard STALDER, Secretary, Department of Public Safety and Corrections and Pamela Horne, Supervisor, Winn Correctional Center.
No. 2007 CA 1824.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
*1117 Calvin Walker, Pineville, LA, Plaintiff/Appellant In Proper Person.
Melinda L. Long, Baton Rouge, LA, for Defendant/Appellee, Richard L. Stalder.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
Appellant, Calvin Walker, appeals the action of the district court in affirming a decision of the Department of Public Safety and Corrections (DPSC). For the following reasons, we reverse.

FACTS
Mr. Calvin Walker is an inmate at the J. Levi Debadie Correctional Center in Pineville, Louisiana. On January 17, 2002, Mr. Walker filed a "Step One" administrative remedy procedure relief request alleging that on January 3, 2002, while an inmate at the Winn Correctional Center, a watch and three rings were illegally confiscated by a corrections officer, Pamela Home. (R. pg. 67) Mr. Walker contended that he entered the Winn facility with the watch and one of the rings and that the other two rings were the property of other inmates that he was cleaning. Mr. Walker's requests for relief were denied at all levels and he filed a request for judicial review of the final agency decision, pursuant to LSA-R.S. 15:1177,[1] in the 19th Judicial District Court. In that request, he claimed that the department had failed to render the required "final agency decision" within forty-five days, as mandated by the department's policy. On November 21, 2005, the department filed an answer in which it admitted that Mr. Walker had exhausted his administrative remedies, and attached the "Third Step" response and the administrative record. (R. pg. 16)
On October 30, 2006 the Commissioner issued a recommendation to affirm the department's decision.[2] (R. pg. 90) Thereafter, *1118 on January 4, 2007, a judgment by the 19th Judicial District Court was rendered that adopted the Commissioner's recommendation and dismissed Mr. Walker's suit. From that judgment Mr. Walker appeals and makes the following assignments of error:
1. The district court erred in failing to grant petitioner's request for oral argument;
2. The district court erred in failing to rule that the "third-step response" was untimely;
3. The district court erred in failing to "address the proper issues that were before the court."

LAW AND ARGUMENT
Under LSA-R.S. 15:1177, an inmate has the right to appeal a decision of the DPSC to the district court. When reviewing decisions of the DPSC, the district court may reverse or modify the department's decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record.
LSA-R.S. 15:1177(A)(9).
Further, "on review of the district court's judgment [under LSA-R.S. 15:1177], no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal." McCoy v. Stalder, 99-1747 (La.App. 1 Cir. 9/22/00), 770 So.2d 447, 450-51, Owens v. Stalder, XXXX-XXXX (La.App. 1 Cir. 6/8/07), 965 So.2d 886.
After a thorough review of the administrative record, we find merit in the claims of Mr. Walker. The record contains two "Personal Property Form[s]," one submitted by Mr. Walker and one by the department, both purportedly signed by Mr. Walker. Both forms contain identical information with one exception: one states that Mr. Walker entered Winn Correctional with one watch and one ring, and the other represents that Mr. Walker had no jewelry when he entered the facility.
The inconsistent documents raise the spectre of forgery. Several other documents in the record contain the signature of Mr. Walker. Examination of the various documents leads to the conclusion that the property form submitted by Mr. Walker is the genuine article, while the one submitted by DPSC seems to be a problem. See attached the following:
Exhibit A Personal Property Form submitted by DPSC
Exhibit B Personal Property Form submitted by Mr. Calvin Walker
Exhibit C Motion to Continue filed by Mr. Calvin Walker
Exhibit D Certificate of Service signed by Mr. Calvin Walker
Exhibit E Motion to Set filed by Mr. Calvin Walker

*1119 Exhibit F Certificate of Service filed by Mr. Calvin Walker
Exhibit G Notice of Appeal filed by Mr. Calvin Walker
Exhibit H Statement of Claim and Affidavit filed by Mr. Walker
Exhibit I Motion to Proceed in Forma Pauperis filed by Mr. Walker
Exhibit J Page 6 of the original complaint filed by Mr. Walker.
The signature of Mr. Walker is consistent on all of the documents in the record except for the one submitted by DPSC, upon which someone conveniently wrote "original."
Other documents submitted by DPSC are significantly inconsistent. A "Confiscation Sheet" (See Exhibit K) signed by Pamela Home indicates that four items were seized from Mr. Walkera gold ring "w/5 clear stones," a "gold nugget" style watch, and two "graduation" rings. This document is consistent with the property form submitted by Mr. Walker, which lists two items of jewelry, a "gold nugget" type watch and a "diamond" ring, but is contradicted by the DPSC's own document (See Exhibit L) showing that the following items were placed in "storage" after the confiscationa "gold nugget" watch and two gold "class" rings. What happened to the ring with diamonds or clear stones? Mr. Walker alleges that Ms. Home kept it for "her personal use." (R. pg. 71) In short, DPSC admits seizing the ring but cannot account for it.
Additionally, DPSC relies on supposedly incriminating letters confiscated from Mr. Walker at the direction of Ms. Home. In an "Incident Statement," DPSC employee Connie Brinson states that she was instructed by Ms. Home to search Mr. Walker's cell, that she confiscated "numerous letters," and that Ms. Home retained custody of the "contraband" (the letters.) However, the supposedly incriminating letters are not in the record. DPSC's own documents show that the missing ring and the missing letters were both last officially handled by Ms. Home.
Lastly, we note the inconsistent statements given by Ms. Home herself. In her first written statement, dated January 7, 2002, Ms. Home writes that Mr. Walker was initially questioned in the courtroom and "he admitted to buying the jewelry from an unknown inmate." (R. pg. 46) But Ms. Home changes her version of the same conversation with Mr. Walker in her February 22, 2002 report. In that report she states that when Mr. Walker was called to the courtroom for questioning, he "admitted that he had purchased the ring; along with other jewelry from (I) # 350214 Collins, Waco." (R. pg. 63) We specifically note that there were not two conversations with Mr. Walker; rather, at different times, Ms. Home gave two different and contradictory versions of what Mr. Walker told her in a single conversation.
Considering the record as a whole, we find that the decision below is both arbitrary and capricious and manifestly erroneous. We therefore reverse the judgment of the district court dismissing Mr. Walker's suit and find in favor of Mr. Walker and against the DPSC. It is hereby ordered that DPSC return to Mr. Walker his property. We find that the remaining assignments of error are moot.

CONCLUSION
The judgment of the district court is reversed and judgment is rendered in favor of Mr. Walker and against DPSC, DPSC is ordered to return Mr. Walker's ring and watch. All costs of this appeal are assessed against DPSC.
REVERSED AND RENDERED.
*1120 WHIPPLE, J., concurs in the finding that the record does not support the recommendation of the commissioner, but would remand for additional evidence of the value of the property at issue and an additional evidentiary hearing.
GUIDRY, J., concurs in the result.
NOTES
[1] LSA-R.S. 15:1177, in pertinent part, provides:

A. Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located...."
[2] This case was assigned to a commissioner to conduct all proceedings and make a recommendation to the appropriate district court judge. This is the procedure followed by the Nineteenth Judicial District Court to handle the large volumes of lawsuits filed by inmates for judicial review of DPSC decisions. See LSA-R.S. 13:713, Rochon v. Whitley, 96-0835 (La.App. 1 Cir. 2/14/97), 691 So.2d 189, 191 n. 2.