NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1348

TIMOTHY HUGH QUEEN

VERSUS

H. GREGORY TETE, SENIOR WARDEN

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-49
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Timothy Hugh Queen
Calcasieu Parish Prison
Post Office Box 2017
5300 Broad Street
Lake Charles, Louisiana 70615
PLAINTIFF/APPELLANT:
    In Proper Person

Robert C. McCorquodale
1011 Lakeshore Drive, Suite 310
Lake Charles, Louisiana 70601
(337) 491-3622
COUNSEL FOR DEFENDANT/APPELLEE:
    H. Gregory Tete, Senior Warden
    Calcasieu Parish Sheriff's Office

**GENOVESE, Judge.**

Plaintiff, Timothy Hugh Queen, appeals a judgment of the district court dismissing his Petition for Judicial Review. For the following reasons, we affirm.

## FACTS

While an inmate at the Calcasieu Parish Sheriff's Prison, Queen was accused of engaging in prohibited behavior by throwing a towel over a security camera. The disciplinary board found him guilty of the charge, and Queen appealed the decision to H. Gregory Tete, Senior Warden (Warden). After the Warden granted Queen an appeal, he again appeared before the disciplinary board. Queen was again found guilty of engaging in prohibited behavior, and discipline was imposed.

Queen filed a Petition for Judicial Review in the district court seeking a review of the disciplinary action taken against him. The district court affirmed the decision of the disciplinary board, and this appeal followed.

## ASSIGNMENT OF ERROR

On appeal, Queen contends that the district court "erred in entering final judgment and simultaneously ordering the denial of oral argument without opportunity for the parties to file a brief or memorandum."

## LAW AND DISCUSSION

An inmate may seek district court review of an adverse administrative decision, such as that of the disciplinary board, pursuant to La.R.S. 15:1177 (emphasis added), which sets forth the procedure and standard for review[1] as follows:

---

[1]     Further, "on review of the district court's judgment [under LSA-R.S. 15:1177], no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal." *McCoy v. Stalder*, 99-1747 (La.App. 1 Cir. 9/22/00), 770 So.2d 447, 450-51, *Owens v. Stalder*, 2006-1120 (La.App. 1 Cir. 6/8/07), 965 So.2d 886.

*Walker v. Stalder*, 07-1824, p. 4 (La.App. 1 Cir. 6/6/08), 991 So.2d 1116, 1118.

A. Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided:

(1)(a) Proceedings for review may be instituted by filing a petition for review in the district court within thirty days after receipt of the notice of the final decision by the agency or, if a rehearing by the agency is had or ordered by the court, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all defendants, as provided by law.

(b) In a judicial review of a disciplinary action taken against an offender by the Department of Public Safety and Corrections or a contractor operating a private prison facility, the only proper party defendant is the department.

(2) The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay ex parte upon appropriate terms.

(3) Within thirty days after service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs related thereto. The court may require or permit subsequent corrections or additions to the record.

(4) The court may order that additional evidence be taken before the agency upon conditions determined by the court. However, discovery provisions of the Code of Civil Procedure pertaining to ordinary suits are inappropriate and not applicable in a suit for judicial review under this Part.

(5) The review shall be conducted by the court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. In cases of alleged irregularities in procedure before the agency, proof thereon may be taken in the court.

**(6)(a) A party or agency who desires oral argument shall make a timely request for oral argument, as hereinafter provided. The request shall include a brief statement of why oral argument should be had. The court, in its discretion, may hear oral argument.**

(b) A request for oral argument must be made by the plaintiff with the petition for review or by the agency or defendant with the transmission of the administrative record or answer to the reviewing court, unless an extension of time is granted by the court.

(c) A request for oral argument on an exception or motion must be filed by the movant with the filing of the exception or motion, and by the non-movant with the filing of any timely opposition to the exception or motion.

**(7) In the event that no oral argument is ordered, the court shall allow the parties, including the agency, a reasonable time for filing a brief or memorandum concerning the issues before the court.**

(8) The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken.

**(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:**

**(a) In violation of constitutional or statutory provisions.**

**(b) In excess of the statutory authority of the agency.**

**(c) Made upon unlawful procedure.**

**(d) Affected by other error of law.**

**(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.**

**(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.**

(10) An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.

. . . .

C. This Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions. This Section shall not apply to the commitment and transfer of children under R.S. 15:901.

D. This Section shall provide the exclusive procedure and standard for review for all offenders as defined seeking review under this Part.

Once such a Petition for Judicial Review is filed, La.R.S. 15:1178(A) directs a clerk of court to "transmit the petition to the appropriate division or official of the court prior to taking any action on the petition." Upon reviewing the petition, the district court is to determine if "a cognizable claim" is set forth therein. La.R.S. 15:1178(B). If so, "the court shall return the petition to the clerk of court for service of process." La.R.S. 15:1178(C). However, if "the petition, on its face, is frivolous, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages, the court may dismiss the petition, or any portion of the petition, without requiring the exhaustion of administrative remedies." La.R.S. 15:1178(D).

In the instant matter, the record reveals that Queen's Petition for Judicial Review and the Warden's Answer to Petition for Judicial Review were filed prior to the district court's order from which the present appeal is taken. The district court order states, in pertinent part, as follows:

La. R.S. 15:1177(A)(9) enumerates the circumstances under which the court may reverse or modify the decision of the administrative body. Plaintiff's petition for judicial review does not show that any of these enumerated circumstances occurred in this case, nor does he show that the decision by the Disciplinary Board was manifestly erroneous. Accordingly,

**IT IS HEREBY ORDERED** that the decision by the Disciplinary Board is affirmed, without the benefit of oral argument.

4

Given the district court's finding that Queen's Petition for Judicial Review failed to state a claim under La.R.S. 15:1177(A)(9), the parties nevertheless argue in their briefs to this court whether the judicial screening set forth in La.R.S. 15:1178 occurred in this case. Undisputedly, the district court had the authority to dismiss the petition upon its filing. *See* La.R.S. 15:1178(D). The fact that Queen's petition was filed, and in fact answered, leads the parties to discuss the efficacy of the district court's order of dismissal at that stage of the proceedings. However, that is not the issue raised on appeal.

In addition to the assignment of error contained in his original brief to this court, Queen again clearly sets forth in his reply brief to this court that:

> Appellant asserts a single ground of error in Appellant's Original Brief: the trial court erred, as a matter of law, when it declined to entertain oral argument per appellant's timely request and then failed, prior to the entry of judgment, to notify the parties of the denial and provide them reasonable time to file briefs or memoranda.

Notably, Queen characterizes the Warden's brief as failing to "squarely respond" to the issue which he raised and, "instead, [A]ppellee evades the designated error, choosing to raise additional 'issues[.]'" Queen reiterates that the propriety of the district court's dismissal of his petition post service of process is a non-issue, stating as follows:

> Although there is no evidence in the record to support [A]ppellee's claim that the petition eluded screening prior to service, [A]ppellant, nevertheless, does not take issue with the court's authority to dismiss a petition at any time it becomes apparent the petition is frivolous, malicious or fails to state a claim for relief.

Thus, Queen's appeal to this court, as framed in his sole assignment of error and the issue he presents, addresses the district court's entry of judgment and denial of his request for oral argument "without opportunity for the parties to file a brief or

5

memorandum."  We find no merit to this contention.

The Petition for Judicial Review filed by Queen was a form which he completed with the relevant information.  The petition itself contains a paragraph entitled "Statement of Claim" that instructs the inmate to "[s]tate here as briefly as possible why [he believes] the final decision by the Department in the administrative remedy action . . . is incorrect."  Queen provided a brief explanation in the space provided.  He also attached to his Petition for Judicial Review an additional handwritten "Statement of Claim" wherein he provided a recitation of the underlying proceedings, a discussion of the substance of the violations with which he was charged, and the reasons for his disagreement therewith.  Additionally, Queen attached to his handwritten "Statement of Claim" exhibits A-D.  Accordingly, when the district court, exercising its discretion to deny oral argument, entered its order of dismissal, it had before it not only the argument of Queen, which was more than sufficient to constitute a "brief or memorandum" as contemplated by La.R.S. 15:1177(7), but also the exhibits he supplied therewith.  We, therefore, find no error in the dismissal of Queen's Petition for Judicial Review, and we affirm the decision of the district court.

After taking much effort to limit the focus of the present appeal, we acknowledge that Queen, in his reply brief, does "take up an issue with the trial court's judgment as being an improper dismissal for failure to state a claim for relief." Although this issue is not squarely before this court, given the *pro se* nature of these proceedings, we note that Queen made no showing that any of his "substantial rights" were prejudiced as required by La.R.S. 15:1177(A)(9).  After our review of the record, we agree with the district court that Queen failed to "show that any of these

6

enumerated circumstances occurred in his case" or "that the decision by the Disciplinary Board was manifestly erroneous."

## DECREE

For the foregoing reasons, we affirm the judgment of the district court. All costs of these proceedings are assessed against Timothy Hugh Queen.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.